```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


ANNA M. LEWIS, ET. AL.                      CIVIL ACTION

VERSUS                                      NO: 10-4600

LOUISIANA DEPARTMENT OF                     SECTION: J(4)
TRANSPORTATION AND
DEVELOPMENT, ET. AL.
```

### ORDER AND REASONS

Before the Court are Defendants' **Motion to Dismiss (Rec. Doc. 14)** for insufficient service of process and Plaintiffs' **Memorandum in Opposition (Rec. Doc. 16).**

### PROCEDURAL HISTORY AND BACKGROUND FACTS

Plaintiffs filed suit against the State of Louisiana and the Louisiana Department of Transportation and Development alleging sexual harassment, discrimination, and retaliation in violation of Title VII of the Civil Rights Act. After filing their First Amended Complaint, Plaintiffs served process on the attorney general for the State of Louisiana and the secretary for the Louisiana Department of Transportation and Development (see Rec. Docs. 9, 10, and 11). Defendants now seek to dismiss Plaintiffs' claims for insufficient service of process, and Plaintiffs oppose the motion.

### DISCUSSION

Under Rule 12(b)(5), a defendant may assert insufficient service of process as a defense to a claim for relief, and Rule 4 of the Federal Rules of Civil Procedure governs the service of

process requirements in federal court.  FED. R. CIV. P. 12(b)(5); see FED. R. CIV. P. 4.  Under Rule 4(j)(2), a plaintiff that sues "[a] state, a municipal corporation, or any other state-created governmental organization" must effectuate service of process on the defendant through one of two methods: by (1) "delivering a copy of the summons and of the complaint to its chief executive officer" or (2) "serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant."  FED. R. CIV. P. 4(j)(2).  By serving the secretary of the department, Plaintiffs properly effectuated service of process on the Louisiana Department of Transportation and Development pursuant to the first method of service allowed under Rule 4(j)(2).  Plaintiff did not serve the governor of the State of Louisiana, so service of process on that Defendant was improper under the first method authorized by Rule 4(j)(2).

When evaluating service of process on the State of Louisiana pursuant to the second method of service allowed under Rule 4(j)(2), two Louisiana state statutes must be considered: Louisiana Revised Statutes §§ 13:5107 and 39:1538.  Section 13:5107 is a permissive service of citation statute that applies to "all suits filed against the state of Louisiana or a state agency . . . ."  LA. REV. STAT. ANN. § 13:5107(A).  Under this statute, a plaintiff that has filed suit against the state of Louisiana or a state agency may serve its citation on one of two

2

parties: the attorney general or the head of the relevant state department or agency.  Id.; <u>Whitley v. State of La., through the Bd. of Supervisors of La. State Univ. Agric. and Mech. Coll., on behalf of the Med. Ctr. of La. at New Orleans-Univ. Campus</u>, 11-0040 (La. 7/1/11), p.4-7; _So. 3d_, 2011 WL 2586864, at *4-7 (La. July 1, 2011).  However, Section 13:5107 states that a plaintiff shall request such service "within ninety days of the commencement of the action or the filing of a supplemental or amended petition" or else the action "shall be dismissed without prejudice . . . ."  LA. REV. STAT. ANN. § 13:5107(D).

Accompanying Section 13:5107 is Section 39:1538, which "addresses the funding for the state's liability for money damages arising from tort suits . . . ."  <u>Whitley</u>, 2011 WL 2586864 at *8.  Section 39:1538 applies to "[c]laims against the state or any of its agencies to recover damages in tort for money damages against the state or its agencies for injury or loss of property, personal injury, or death caused by the negligent or wrongful act or omission of any employee of the agency . . . ."  LA. REV. STAT. ANN. § 39:1538.  Under this statute, a plaintiff with a tort claim against the state—such as Plaintiffs' claims would be in this case if they were filed under state law instead of Title VII—shall serve process upon three parties: "the head of the department concerned, the office of risk management, and the attorney general . . . ."  LA. REV. STAT. ANN. § 39:1538(4);

3

Whitley, 2011 WL 2586864 at *8-9.  Unlike Section 13:5107, Section 39:1538 does not contain a ninety-day requirement before involuntary dismissal, so if a defendant contests the sufficiency of service of process based on Section 39:1538, any insufficiency can be "cured by subsequent service on those entities/persons not previously served."  Id. at *9-10.

Regarding Plaintiffs' service of process on the State of Louisiana in this case, Plaintiffs have met the requirements of Section 13:5107 because they requested service on the attorney general for the State of Louisiana the day after their First Amended Complaint was filed, which is within the ninety-day period required by the statute.  However, Plaintiffs have failed to meet all of the requirements of Section 39:1538.  Although Plaintiffs served process on the attorney general as required by the statute, and there is no department head to be served in this case, they have not served process on Louisiana's Office of Risk Management as required by Section 39:1538.  This insufficiency can be cured by Plaintiffs, so dismissal of their claims for insufficient service of process is inappropriate at this time.

Accordingly, **IT IS ORDERED** that Defendants' **Motion to Dismiss (Rec. Doc. 14)** is hereby **DENIED**.  **IT IS FURTHER ORDERED** that Plaintiffs may cure their insufficient service of process by serving the Louisiana Office of Risk Management within thirty (30) days from the date of this order.

New Orleans, Louisiana, this 10th day of August, 2011.

_____
CARL J. BARBIER
UNITED STATES DISTRICT COURT